**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **ZACCHAEUS EVANS SR.** ) | |
| **and** ) | |
| **TREVIAN WIMBUSH** ) | |
| **and** ) | |
| **WILLIE THOMAS** ) | |
| **and** ) | |
| **DEANDRE MENSAH** ) | |
| **Plaintiffs** ) | |
| ) | **Case No.** __3:26CV-371-CHB__ |
| **v.** ) | |
| ) | |
| **THE UNITED STATES OF AMERICA** ) | |
| **By and Through the HON. SEAN DUFFY** ) | |
| **in his official capacity as SECRETARY OF** ) | |
| **TRANSPORTATION** ) | |
| **Serve at:** ) | |
| **Secretary of Transportation** ) | |
| **1200 New Jersey Avenue** ) | |
| **S.E. Washington DC 20590** ) | |
| ) | |
| **and** ) | |
| ) | |
| **TTS FORTIS JV, LLC** ) | |
| **Serve at:** ) | |
| **Incorp Services, Inc.** ) | |
| **828 Lane Allen Road** ) | |
| **STE 219** ) | |
| **Lexington, KY 40504-3659** ) | |
| ) | |
| **Defendants** ) | |

**COMPLAINT**

Comes now the Plaintiffs, Zacchaeus Evans Sr. ("*Mr. Evans*"), Trevian Wimbush ("*Mr. Wimbush*"), Willie Thomas ("*Mr. Thomas*"), and DeAndre Mensah ("*Mr. Mensah*"), and for their complaint against The United States of America, by and through the Honorable Sean Duffy in his Official Capacity as the Secretary of Transportation, head of the Federal Aviation Administration ("*FAA*"), and TTS Fortis JV, LLC ("*Fortis*"), state as follows:

## PARTIES, JURISDICTION, and VENUE

1. At all relevant times herein, Mr. Evans was and is a resident of the Commonwealth of Kentucky.

2. At all relevant times herein, Mr. Wimbush was a resident of the Commonwealth of Kentucky.

3. At all relevant times herein, Mr. Thomas was and is a resident of the Commonwealth of Kentucky.

4. At all relevant times herein, Mr. Mensah was and is a resident of the Commonwealth of Kentucky.

5. At all relevant times herein, Defendant FAA maintained custody and control of a Louisville Air Traffic Control Tower located at 755 Grade Lane, Louisville, Kentucky 40209.

6. At all relevant times herein, Defendant Fortis was and is a foreign limited liability company for profit authorized to transact business in the Commonwealth of Kentucky.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 and 42 U.S.C. § 1981.

8. This Court also has jurisdiction over claims against the Federal Aviation Administration pursuant to 42 U.S.C. § 2000e-16.

9. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper with all acts and omissions complained of herein taking place in Louisville, Jefferson County, Kentucky.

## ADMINISTRATIVE EXHAUSTION

11. Plaintiffs have satisfied, or are excused from satisfying, all administrative prerequisites to the filing of this action. Plaintiffs timely filed a Formal Complaint of Discrimination with the Equal Employment Opportunity ("EEO") FAA Office of Civil Rights after timely completion of counseling with Jodi Votel, EEO Counselor. The Formal Complaint of Discrimination alleges race discrimination, hostile work environment, and related claims against Defendants TTS Fortis JV, LLC and the FAA.

12. On March 11, 2026, Plaintiffs received, through counsel, final agency decisions from the email address "jean.buggele@dot.gov" dismissing each Formal Complaint of Discrimination.

13. To the extent any additional administrative prerequisites are found to apply, Plaintiffs allege that such conditions have been satisfied, waived, tolled, or are otherwise excused.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Mr. Evans, Wimbush, Mensah, and Thomas ("Plaintiffs") were employed through Defendant Fortis, which contracts with the FAA to provide janitorial services under a Performance Work Statement ("PWS") created and controlled by the FAA under the Federal Acquisition Regulation ("FAR").

15. The Plaintiffs, at all relevant times herein, were the only African American janitorial service providers working at the 755 Grade Lane work site.

16. Although Fortis was the nominal employer of the Plaintiffs, the Plaintiffs were "joint employees" of both Fortis and the FAA.

17. Defendant FAA dictated the means and manner of work, issued daily and weekly cleaning directives, inspected for compliance, mandated which products and tools may be used, and retained authority to remove any worker from the property at any time.

18. All janitorial workers at the FAA's Louisville Air Traffic Control Tower worked under constant FAA surveillance and supervision, with access controlled through FAA-issued Controlled Access Card ("CAC") badges. These badges were required by FAA to be worn at all times.

19. Mr. Evans first began working at 755 Grade Lane FAA facilities in September of 2022. When Mr. Evans arrived on site, his security badge had not yet been activated by FAA, but he had all proper credentials. Despite identifying himself and presenting his credentials, he surrounded by six or seven FAA employees who interrogated him for roughly twenty (20) minutes. Only after contacting his Fortis supervisor did FAA management intervene, thereafter apologizing to Mr. Evans and acknowledged improper treatment.

20. On August 06, 2025, while in the janitorial closet across from the employee breakroom, Mr. Evans overheard an FAA employee say: "We should only have people cleaning this site that look like me and you." Mr. Evans contemporaneously documented the statement in writing.

21. The next day, August 07, 2025, Mr. Wimbush found a handwritten note inside the janitorial closet containing the word "NIGGER" written in capital letters.

22. At all relevant times complained of herein, the janitorial closet was without securing locks, lacked security camera coverage, and was accessible only to building personnel and the Plaintiffs as janitorial contractors.

23. Mr. Wimbush contacted Mr. Evans, who immediately reported the incident to his Fortis supervisor, Ryan Crawford.

24. Mr. Crawford instructed Mr. Evans to report the incident to the FAA.

25. The following day, Mr. Evans emailed FAA Officials Luke Hall and Randy Thorton to report the note directly.

26. FAA personnel stated they would determine whether an investigation was warranted. Nearly a month passed before the FAA began any investigation.

27. FAA took brief statements from Mr. Evans and Mr. Wimbush and sent a written questionnaire, which was promptly returned.

28. Since mid-September 2025, no results, findings, or follow-ups have been communicated.

29. Fortis conducted no independent investigation and deferred entirely to the FAA's process.

30. Neither FAA nor Fortis advised Plaintiffs of their rights under Title VII.

31. Neither FAA nor Fortis posted or provided EEOC or EEO counselor information.

32. Neither FAA nor Fortis provided anti-harassment or equal opportunity training.

33. Neither FAA nor Fortis ever notified Plaintiffs of any rights, obligations, or deadlines by which they should contact the EEOC.

34. Only OSHA posters were displayed at the site.

35. To date, no remedial steps have been taken and no protective assurance have been offered to Plaintiffs.

36. The only communication received from the FAA was a single email stating the matter had been closed.

37. Since finding the note, Plaintiffs continued working under the same FAA supervision without any acknowledgement of wrongdoing, preventive measure, or remedial posting of required EEOC notices. No anti-discrimination training has been held. The hostile environment remains unremedied, causing ongoing distress and fear of retaliation.

38. Since finding the note, Mr. Evans felt his only option was to seek other employment and has since left FAA and Fortis employ.

39. Since finding the note, Mr. Wimbush has been retaliated against by the FAA for having the temerity to stand up for his and others' civil rights.

## COUNT I (FORTIS)
### Race Discrimination/Hostile Work Environment

40. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

41. Plaintiffs are African American individuals and members of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

42. At all relevant times, Defendant TTS Fortis JV, LLC ("Fortis") was Plaintiffs' employer within the meaning of Title VII.

43. Plaintiffs were subjected to unwelcome harassment based on their race, including but not limited to: (a) a statement that "we should only have people cleaning this site that look like me and you"; (b) the placement of a written note containing the racial slur "NIGGER" in the janitorial closet used by Plaintiffs; and (c) prior racially charged treatment of Plaintiff Zacchaeus Evans when he began working at the facility, which contributed to the overall racially hostile environment experienced by Plaintiffs.

44. The foregoing conduct was severe and/or pervasive, was objectively and subjectively offensive, and altered the terms, conditions, and privileges of Plaintiffs' employment.

45. Fortis knew or should have known of the harassment. Plaintiffs promptly reported the discriminatory conduct to Fortis, including to supervisor Ryan Crawford, via written communication.

46. Despite having actual notice, Fortis failed to take prompt and appropriate corrective action. Fortis conducted no independent investigation, imposed no discipline, and failed to implement any remedial measures.

47. Fortis further failed to provide anti-harassment training and/or policies to managers and/or supervisors and/or employees, failed to maintain or communicate complaint procedures and/or policies, and failed to post and/or provide required Equal Employment Opportunity notices.

48. As a direct and proximate result of Fortis's unlawful conduct, Plaintiffs were subjected to an ongoing hostile work environment, suffered severe dehumanizing treatment, humiliation, emotional distress, and mental anguish, among other damages.

49. Fortis' conduct was intentional and/or reckless and/or negligent and in disregard or Plaintiffs' federally protected rights.

**WHEREFORE**, Plaintiffs demand as follows:

1.  For Judgement to be entered in their favor and against Defendant Fortis;

2.  For damages in an amount to be proven at trial;

3.  For court costs including reasonable attorney's fees;

4.  For pre and post judgement interest at the maximum rate allowable under law;

5.  For a trial by jury on all issues so triable;

6.  For punitive damages in an amount sufficient to deter such conduct in the future; and

7.  For any and all other relief which is just and proper in the premises.

### COUNT II (FORTIS)
### 42 U.S.C. § 1981- Race Discrimination/Hostile Work Environment

50. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

51. Plaintiffs are African American and are members of a protected class.

52. But for the Plaintiffs' racial identity as African Americans, the discrimination would not have taken place.

53. Plaintiffs had a contractual employment relationship with Fortis.

54. Fortis subjected Plaintiffs to racial discrimination and a hostile work environment, including the conduct described above.

55. The harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

56. Fortis knew or should have known of the discriminatory conduct and failed to take any corrective action, completely deferring to the FAA.

57. Fortis' acts and omissions impaired Plaintiffs' rights to make and enforce contracts on equal terms, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

58. As a direct and proximate result, Plaintiffs were subjected to an ongoing hostile work environment, suffered severe dehumanizing treatment, humiliation, emotional distress, and mental anguish, among other damages.

**WHEREFORE**, Plaintiffs demand as follows:

1. For Judgement to be entered in their favor and against Defendant Fortis;

2. For damages in an amount to be proven at trial;

3. For court costs including reasonable attorney's fees;

4. For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For punitive damages in an amount sufficient to deter such conduct in the future; and

7. For any and all other relief which is just and proper in the premises.

### COUNT III (FORTIS)
### Race Discrimination and Hostile Work Environment
### Kentucky Civil Rights Act

59. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

60. Fortis is an employer within the meaning of KRS 344.030

61. Plaintiffs were subjected to unwelcome harassment based on race, including the conduct described above.

62. The harassment was severe and/or pervasive and created a hostile work environment in violation of KRS 344.040.

63. Fortis knew or should have known of the harassment. Plaintiffs promptly reported the discriminatory conduct to Fortis, including to supervisor Ryan Crawford, via written communication.

64. Despite having actual notice, Fortis failed to take prompt and appropriate corrective action. Fortis conducted no independent investigation, imposed no discipline, and failed to implement any remedial measures.

65. Fortis further failed to provide anti-harassment training and/or policies to managers and/or supervisors and/or employees, failed to maintain or communicate complaint procedures and/or policies, and failed to post and/or provide required Equal Employment Opportunity notices.

66. As a direct and proximate result, Plaintiffs were subjected to an ongoing hostile work environment, suffered severe dehumanizing treatment, humiliation, emotional distress, and mental anguish, among other damages.

**WHEREFORE**, Plaintiffs demand as follows:

1.  For Judgement to be entered in their favor and against Defendant Fortis;

2.  For compensatory damages in an amount to be proven at trial;

3.  For court costs including reasonable attorney's fees;

4.  For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For punitive damages in an amount sufficient to deter such conduct in the future; and

7. For any and all other relief which is just and proper in the premises.

**COUNT IV (FORTIS)**
**Constructive Discharge in Violation of Title VII**
**and the Kentucky Civil Rights Act**

67. Plaintiff Zacchaeus Evans incorporates by reference all preceding paragraphs as if fully set forth herein.

68. As a result of the severe and pervasive racial harassment described above, and Fortis's failure to investigate or remedy that harassment, Mr. Evans's working conditions became objectively intolerable.

69. A reasonable person in Mr. Evans's position would have felt compelled to resign.

70. Fortis knew of the discriminatory conditions and failed to take any corrective action.

71. Mr. Evans resigned his employment as a direct result of these conditions.

72. Mr. Evans's resignation constitutes a constructive discharge in violation of Title VII and KRS 344.040.

73. As a direct and proximate result, Mr. Evans suffered lost wages, benefits, and other damages.

**WHEREFORE**, Plaintiff Zacchaeus Evans Sr. demands as follows:

1. For Judgement to be entered in his favor and against Defendant Fortis;

2. For compensatory damages in an amount to be proven at trial;

3. For court costs including reasonable attorney's fees;

4. For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For punitive damages in an amount sufficient to deter such conduct in the future; and

7. For any and all other relief which is just and proper in the premises.

**COUNT V (FAA)**
**Race Discrimination and Hostile Work Environment**
**in Violation of Title VII**

74. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

75. At all relevant times, the Federal Aviation Administration ("FAA") exercised significant control over Plaintiffs' work and functioned as a joint employer within the meaning of Title VII.

76. Plaintiffs were subjected to unwelcome harassment based on race, including the conduct described above.

77. The harassment was severe and/or pervasive and altered the terms and conditions of Plaintiffs' employment.

78. The FAA knew or should have known of the harassment. Plaintiffs reported the conduct directly to FAA personnel, including Luke Hall and Randy Thorton.

79. Despite having actual notice, the FAA failed to take prompt and appropriate corrective action. The FAA delayed initiating any investigation, conducted only limited inquiry, and failed to communicate any results or implement remedial measures.

80. The FAA's failure allowed the hostile work environment to continue.

81. As a direct and proximate result, Plaintiffs were subjected to an ongoing hostile work environment, suffered severe dehumanizing treatment, humiliation, emotional distress, and mental anguish, among other damages.

**WHEREFORE**, Plaintiffs demand as follows:

1. For Judgement to be entered in their favor and against Defendant FAA;

2. For compensatory damages in an amount to be proven at trial;

3. For court costs including reasonable attorney's fees;

4. For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For any and all other relief which is just and proper in the premises.

## COUNT VI (FAA)
### Retaliation in violation of Title VII

82. Plaintiff Trevian Wimbush incorporates by reference all preceding paragraphs as if fully set forth herein.

83. Plaintiff engaged in protected activity under Title VII by participating in and engaging in the EEO process after discovering a note with the racial slur "NIGGER" in the janitorial closet. Mr. Wimbush completed the mandatory counseling process through the FAA's office of civil rights and ultimately filed a complaint of race discrimination against the FAA through the required administrative process.

84. Defendant FAA was aware of Plaintiff's protected activity.

85. After Plaintiff engaged in protected activity, and after Plaintiff had already provided notice of his resignation with a final working date of February 28, 2026, Defendant initiated a contractor suitability review targeting Plaintiff.

86. On or about February 12, 2026, the FAA issued Plaintiff a written notice stating that information had been identified that could result in him being deemed unsuitable for FAA contract employment.

87. The FAA required Mr. Wimbush to submit a written response within seven (7) calendar days or face a final adverse suitability determination based on the existing record.

88. The FAA's imposition of a seven (7) calendar day response deadline directly violated FAA Order 1600.1F, which provides individuals fifteen (15) days to respond, with extensions

available upon request, thereby depriving Plaintiff of the procedural protections guaranteed by Defendant's own governing regulations.

89. The timing of this suitability review, occurring only after Plaintiff engaged in protected activity and after he had already given notice of resignation, therefore could not be based on legitimate operational necessity and is instead clearly retaliatory.

90. Defendant's actions constitute materially adverse action under Title VII.

91. Defendant's initiation of a suitability review under these circumstances would have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006).

92. Defendant's stated basis for the suitability concern is pretextual and was used as a mechanism to retaliate against Plaintiff for engaging in protected activity.

93. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered severe dehumanizing treatment, humiliation, emotional distress, and mental anguish, among other damages and will continue to suffer other continuing damages, including but not limited to emotional distress, reputational harm, and interference with future employment opportunities.

**WHEREFORE**, Plaintiff Trevian Wimbush demands as follows:

1. For Judgement to be entered in his favor and against Defendant FAA;

2. For compensatory damages in an amount to be proven at trial;

3. For court costs including reasonable attorney's fees;

4. For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For Equitable Relief preventing FAA from issuing a negative suitability finding;

7. For Expungement of any unfavorable suitability finding already issued; and

8.  For any and all other relief which is just and proper in the premises.

**COUNT VII (FAA)**
**Constructive Discharge in Violation of Title VII**

94.   Plaintiff Mr. Evans incorporates by reference all preceding paragraphs as if fully set forth herein.

95.  At all relevant times, the FAA exercised significant control over Plaintiffs' work and functioned as a joint employer within the meaning of Title VII.

96.  The FAA subjected Mr. Evans to a racially hostile work environment, including the conduct described above, and failed to take prompt or effective corrective action after receiving notice.

97.  The FAA delayed initiating any investigation, conducted only limited inquiry, and failed to communicate any findings or implement remedial measures.

98.  The hostile work environment remained unremedied, and Mr. Evans was required to continue working under the same conditions and supervision without any acknowledgment of wrongdoing or protective measures.

99.  As a result of the FAA's actions and inaction, Mr. Evans's working conditions became objectively intolerable.

100. A reasonable person in Mr. Evans's position would have felt compelled to resign.

101. Mr. Evans resigned his employment as a direct result of these conditions.

102. The FAA's conduct constitutes constructive discharge in violation of Title VII.

103. As a direct and proximate result, Mr. Evans suffered severe dehumanizing treatment, humiliation, emotional distress, mental anguish, lost wages, benefits, and other damages.

**WHEREFORE**, Plaintiff Zacchaeus Evans Sr. demands as follows:

1.  For Judgement to be entered in his favor and against Defendant FAA;

2. For compensatory damages in an amount to be proven at trial;

3. For court costs including reasonable attorney's fees;

4. For pre and post judgement interest at the maximum rate allowable under law;

5. For a trial by jury on all issues so triable;

6. For any and all other relief which is just and proper in the premises.

Respectfully submitted,

**KARL TRUMAN LAW OFFICE, LLC**

*/S/ Travis Turner*_____
Travis Turner #100099
420 Wall Street
Jeffersonville, IN 47130
812-282-8500
Travisturner@trumanlaw.com
efile@trumanlaw.com